# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,　　　　　　　　　Case No. 08-20009

　　　　　　Plaintiff,　　　　　　　　　　　　　HONORABLE SEAN F. COX
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge
v.

TERRY JOHN STRAUSS,

　　　　　　Defendant.
_____/

## OPINION & ORDER ADOPTING SENTENCING GUIDELINE CALCULATION BY PROBATION DEPARTMENT

A sentencing hearing was held on this case on Monday, October 6, 2008 at 3:00 pm. Prior to that hearing, Defendant and the Government had entered into a plea agreement pursuant to Fed.R.Crim.P. 11, commonly referred to as a "Rule 11 Agreement." The Rule 11 Agreement specifically included, as other "relevant conduct," facts supporting two additional bank robberies by the Defendant, which the Government and the Defendant grouped together and aggregated the dollar amounts taken to calculate a sentencing guideline of between 41 and 50 months. In preparing a presentence investigation report, however, the probation department took the position that these offenses could not be grouped together, and instead came up with a sentencing guideline of between 108 and 135 months. Defendant now agrees these offenses cannot be grouped, but objects to the calculated guidelines, arguing that section 3D1.1 of the United States Sentencing Commission's *Guidelines Manual* requires "convictions" only to be applied in situations of multiple counts. For the following reasons, this Court will hereby **ADOPT** as correct the guideline range calculated by the probation department.

1

The factual bases for Defendant's guilty plea were laid out in section 1(c) of the Rule 11 Agreement. (Rule 11 Agreement, Doc.#30, pp.2-3). In that section, Defendant admits to robbing the Fifth Third Bank in Owosso, Michigan, with the help of co-defendant Michael Sloan Muller, on January 5, 2008. The factual basis goes on to include facts supporting an admission by Defendant to two additional bank robberies committed with Muller, and states as follows:

> The parties agree that relevant conduct in this case includes the following:
>
> On September 24, 2007, Strauss and Muller, by force and intimidation, robbed the Metro North Federal Credit Union, Holly, Michigan. During and in relationship to the robbery, defendant used and carried, or aided and abetted the use of, a firearm. The loss to Metro North Credit Union was $33,510.
>
> On December 7, 2007, Strauss and Muller, by force and intimidation, robbed the Citizens Bank located in Linden, Michigan. During and in relationship to the robbery, defendant used and carried, or aided and abetted in the use of, a firearm. The loss to Citizens Bank was $6,886.

(Rule 11 Agreement, Doc.#30, p.3). Neither of these factual admissions resulted in a conviction for the Defendant, but both the Defendant and the Government admitted that this conduct was always intended to be taken into account in determining punishment in this case. (Transcript of October 6, 2008 Hearing, pp.16, 20).

As stated above, Defendant argues that, in determining the appropriate guideline calculation for a defendant involving multiple counts, the *Guidelines Manual* requires that only convictions be taken into account, not mere facts which could theoretically support a conviction. Section 3D1.1 states, in pertinent part:

> **§3D1.1. Procedure for Determining Offense Level on Multiple Counts**
> (a) *When a defendant has been convicted of more than one count*, the court shall:
>     (1) Group the counts resulting in conviction into distinct Groups of Closely Related Counts ("Groups") by applying the rules specified in §3D1.2.

> (2) Determine the offense level applicable to each Group by applying the rules specified in §3D1.3.
> (3) Determine the combined offense level applicable to all Groups taken together by applying the rules specified in §3D1.4.

United States Sentencing Commission, *Guidelines Manual*, §3D1.1 (Nov. 2008)(emphasis added). Defendant agrees that "for the purpose of calculating under the multiple counts under Chapter 3, Part D, that you can't group that [robbery charges], but you have to have convictions is my position." (Transcript of October 6, 2008 Hearing, p.13). Assuming that the treatment of the admitted conduct on September 24, 2007 and December 7, 2007 was properly treated as a conviction, Defendant has admitted there was no mathematical mistake in the procedure the probation department used to calculate his sentencing guidelines. *Id.* at 6-10.

The probation department directs this Court to *Guidelines Manual* §1B1.2(c), which says:

> A plea agreement (written or made orally on the record) containing a stipulation that specifically establishes the commission of additional offense(s) shall be treated as if the defendant had been convicted of additional count(s) charging those offense(s).

USSG §1B1.2(c). The commentary to that particular subsection specifically addresses the exact factual situation in the instant case. It states, in pertinent part:

> Subsections (c) and (d) address circumstances in which the provisions of Chapter Three, Part D (Multiple Counts) are to be applied although there may be only one count of conviction. Subsection (c) provides that in the case of a stipulation to the commission of additional offense(s), the guidelines are to be applied as if the defendant had been convicted of an additional count for each of the offenses stipulated. *For example, if the defendant is convicted of one count of robbery but, as part of a plea agreement, admits to having committed two additional robberies, the guidelines are to be applied as if the defendant had been convicted of three counts of robbery.*

USSG §1B1.2(c), comment (n.3) (emphasis added). Defendant's brief does not highlight any

3

language in §1B1.2, or any other guideline provision for that matter, that supports his position. When asked in oral argument to support his position, the Defendant could only direct this Court to the language of the guidelines. (Transcript of October 6, 2008 Hearing, p.14).

The language in §1B1.2(c) of the *Guidelines Manual* is clear in its intention to have other admitted conduct within plea agreements, such as in this Rule 11 Agreement, be treated as a "conviction" for purposes of guidelines calculations. The comment to that rule specifically addresses the situation in the instant case, where Defendant is charged with one bank robbery, and has stipulated to the commission of two others. Such conduct by Defendant was therefore correctly treated as a "conviction" by the probation department in calculating Defendant's sentencing guidelines.

As Defendant noted at oral argument, should these two incidents correctly be considered "convictions" under the guidelines, no other errors were made by the probation department in calculating the guidelines at 108 to 135 months. (Transcript of October 6, 2008 Hearing, pp.6-10). For the reasons stated above, this Court hereby **ADOPTS** the sentencing guidelines as calculated by the probation department at 108 to 135 months as **CORRECT** in the instant case.

**IT IS SO ORDERED**.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: October 16, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 16, 2008, by electronic and/or ordinary mail.

s/Jennifer Hernandez
Case Manager