UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                       Case No. 08-20009

Terry J. Strauss and Michael S. Muller,      Honorable Sean F. Cox

    Defendants.

_____/

## ORDER NOTIFYING DEFENDANTS OF RECHARACTERIZATION AND DIRECTING DEFENDANTS TO FILE MEMORANDUM

Defendants / Petitioners Terry J. Strauss ("Strauss") and Michael S. Muller ("Muller") pleaded guilty to armed bank robbery and use of a firearm during a crime of violence. This Court sentenced Defendants on January 28, 2009. Neither Strauss nor Muller filed a direct appeal.

Acting *pro se*, Strauss and Muller sent a joint letter to this Court on December 11, 2009, asking this Court to vacate their sentences and impose reduced sentences.

Although Strauss and Muller's letter does not cite the legal authority under which they ask this Court to vacate their sentences, the relief requested is consistent with a motion to vacate sentence under 28 U.S.C. § 2255 and is therefore the equivalent of a petition under § 2255. Before characterizing Defendants' letter as a § 2255 motion, however, Defendants must be given the opportunity to withdraw the filing. *See In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002). This is because "[a]n unintended byproduct of [liberally construing *pro se* filings as § 2255 petitions] . . . is that it may effectively deprive an uninformed *pro se* litigant of the future

opportunity to file a motion to vacate his sentence under § 2255." *Id*. at 621. After a prisoner files one motion under § 2255, the Antiterrorism and Effective Death Penalty Act generally prevents a prisoner from filing a second or successive § 2255 motion. Thus, the prisoners must be aware that the Court's construction of their petition may limit their ability to pursue future avenues of collateral relief and must be given the opportunity to either agree with the Court's construction or withdraw their motion.

Accordingly, **Strauss and Muller are hereby NOTIFIED that the Court intends to construe their December 11, 2009 letter as a motion for relief under 28 U.S.C. § 2255.**

Strauss is DIRECTED to file a one-page memorandum on or before **April 23, 2010**, indicating whether he agrees with the Court's intended characterization of his December 11, 2009 letter or whether he withdraws his December 11, 2009 request. In the event that Strauss does not file a memorandum on or before April 23, 2010, his December 11, 2009 filing will be deemed a motion under § 2255.

Muller is also DIRECTED to file a one-page memorandum on or before **April 23, 2010**, indicating whether he agrees with the Court's intended characterization of his December 11, 2009 letter or whether he withdraws his December 11, 2009 request. In the event that Strauss does not file a memorandum on or before April 23, 2010, his December 11, 2009 filing will be deemed a motion under § 2255.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: March 24, 2010

I hereby certify that on March 24, 2010, a copy of the foregoing document was served upon

counsel of record by electronic means and upon Terry Strauss and Michael Muller via First Class Mail at the addresses below:

Michael S. Muller #41762-039
FCI Allenwood Low
P.O. Box 1000
White Deer, PA 17887

Terry J.Strauss #41761-039
FCI Gilmer
P.O. Box 6000
Glenville, WV 26351

                                              <u>S/J. Hernandez</u>
                                              Case Manager