UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                             Case No. 08-20009

Terry J. Strauss and Michael S. Muller,      Honorable Sean F. Cox

    Defendants.

_____/

## **ORDER DENYING DEFENDANTS' MOTION (DOCKET ENTRY NO. 52)**

Defendants / Petitioners Terry J. Strauss ("Strauss") and Michael S. Muller ("Muller") pleaded guilty to armed bank robbery and use of a firearm during a crime of violence. This Court sentenced Defendants on January 28, 2009. Neither Strauss nor Muller filed a direct appeal.

Acting *pro se*, Strauss and Muller sent a joint letter to this Court on December 11, 2009, asking this Court to vacate their sentences and impose reduced sentences. The letter cited no authority in support of the relief requested and made no reference to 28 U.S.C. § 2255. This Court declined to characterize that letter as a § 2255 motion and advised Defendants that they need to file an appropriate § 2255 motion in order to seek relief under 28 U.S.C. § 2255. (*See* Docket Entry No. 53).

Currently before the Court is Defendants' joint "Motion on request for Transcripts at Government's expense and request to hold petitioner's 2255 motion in Abeyance." (Docket Entry No. 52). In this motion, Defendants ask the Court to order the Government to provide various transcripts to Defendants, at the Government's expense, pursuant to 28 U.S.C. § 753(f).

Defendants also ask the Court to hold their "2255 motion" in abeyance.

Section 753(f) provides that fees for transcripts furnished in proceedings brought under § 2255 shall be paid for by the Government "if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). In *United States v. MacCollom*, 426 U.S. 317 (1976), the Supreme Court construed this statute as requiring a criminal defendant to file a nonfrivolous section 2255 motion as a prerequisite to the ability to seek a free transcript.

Here, Defendants have not filed a § 2255 motion and, as stated above, this Court declined to characterize Defendants' December 11, 2009 letter as a § 2255 motion. Thus, under *MacCollom*, Defendant's request for a free transcript is premature. Defendants must first file an actual § 2255 motion before the Court can consider any request for a free transcript. *MacCollom, supra; see also United States v. Alcorn*, 10 Fed.Appx. 248 (6th Cir. 2001) ("the district court properly denied [defendant's] motion because [defendant] simply does not have a right to a transcript at government expense under 28 U.S.C. § 753(f) in order to search the transcript for yet unasserted grounds in a motion to vacate his sentence under 28 U.S.C. § 2255.").

Accordingly, **IT IS ORDERED** that Defendants' request for transcripts at the Government's expense is **DENIED AS PREMATURE**. In addition, because Defendants have not yet filed an actual § 2255 motion, there is no such motion to hold in abeyance.

**IT IS SO ORDERED.**

    S/ Sean F. Cox
    United States District Judge

Date: May 18, 2010

I hereby certify that on May 18, 2010, a copy of the foregoing document was served upon counsel of record by electronic means and by First Class Mail upon:

Michael S. Muller #41762-039
FCI Allenwood Low
P.O. Box 1000
White Deer, PA 17887

Terry J.Strauss #41761-039
FCI Gilmer
P.O. Box 6000
Glenville, WV 26351

                                          S/ Jennifer Hernandez
                                          Case Manager