UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff/Respondent,

v.                                        Criminal Case No. 08-20009
                                          Civil Case No. 16-11397

Terry Joshua Strauss,

                                          Sean F. Cox
    Defendant/Petitioner.         United States District Court Judge

_____/

**OPINION & ORDER
DENYING MOTION UNDER 28 U.S.C. § 2255**

       Defendant/Petitioner Terry Joshua Straus ("Strauss") filed a *pro se* motion under 28 U.S.C. § 2255, collaterally attacking his sentence in Criminal Case Number 08-20009. The motion has been fully briefed by the parties. As explained below, the Court shall DENY Strauss's § 2255 Motion because Strauss validly waived the right to collaterally attack his sentence in his plea agreement.

**BACKGROUND**

       In Criminal Case Number 08-20009, Defendant Strauss and Defendant Michael Sloan Muller ("Muller") were both charged with three counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a) & (d), and three counts of using, carrying, and brandishing a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c).

       On December 17, 2008, pursuant to a Rule 11 Plea Agreement, Strauss pleaded guilty to Count One, Armed Bank Robbery in violation of 18 U.S.C. § 2113(a) & (d), and a lesser included offense to Count Two, Using and Carrying a Firearm in Furtherance of a Crime of Violence. (*See* Rule 11 Agreement, Docket Entry No. 41).

Strauss's Rule 11 Plea Agreement recited a factual basis for Strauss's guilty plea, stated that there are no sentencing guideline disputes, and calculated Strauss's sentencing guideline range. It also contained the following express waiver:

> 6.   WAIVER OF APPEAL
>
> If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant waives any right he/she has to appeal his/her conviction or sentence. If the sentence imposed is within the guideline range determined by Paragraph 2B, the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range. Defendant understands that defendants generally have the right collaterally to attack their convictions and sentences by filing post-conviction motions, petitions, or independent civil actions. As part of this agreement, however, defendant knowingly and voluntarily <u>waives</u> that right and agrees not to contest his/her conviction or sentence in any post-conviction proceeding, including – but not limited to – any proceeding under 28 U.S.C. § 2255.

(*Id*. at Pg ID 151-52) (underlining in original). The Rule 11 Plea Agreement also contained a provision affirming that Strauss had read, understood, and agreed to all the terms in the agreement:

> By signing below, defendant acknowledges that he/she has read (or been read) this entire document, understands it, and agrees to its terms. He/She also acknowledges that he/she is satisfied with his/her attorney's advice and representation. Defendant agrees that he/she has had a full and complete opportunity to confer with his/her lawyer, and has had all of his/her questions answered by his/her lawyer.

(*Id*. at Pg ID153). Both Strauss's signature and his attorney's signature appear below that provision.

At the plea hearing, Strauss stated under oath that before signing the Rule 11 Plea Agreement, Strauss had read the agreement (with all attachments) and reviewed it with his attorney, and that his attorney had answered any and all questions that Strauss had regarding the agreement and its provisions. Strauss also stated, under oath, that he was satisfied with his

attorney's representation.

During the plea hearing the Court also asked Strauss whether he understood the terms of the plea agreement and the constitutional rights he was giving up by entering into the Rule 11 Plea Agreement and pleading guilty. That colloquy included:

> Q. Okay. Could you please turn to page 5 entitled, "Waiver of Appeal"? It's paragraph 6. It reads, "If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, the Defendant waives any right he has to appeal his conviction or sentence if the sentence imposed is within the guideline range determined by Paragraph 2b. The Government agrees not to appeal the sentence but retains its right to appeal any sentence below that range. The Defendant understands that Defendants generally have the right to collaterally to attack their convictions and sentences by filing post conviction motions, petitions or independent civil actions. As part of this agreement however the Defendant knowingly and voluntarily waives that right and agrees not to contest his/her conviction or sentence in any post conviction proceeding, including but not limited to any proceeding under 28 USC Section 2255." Did you hear what I just read to you?
> A. Yes, sir.
> Q. Any questions at all regarding what I've read to you in Paragraph 6, entitled "Waiver of Appeal"?
> A. No, sir.
> Q. And again do you have questions at all regarding anything contained in the Rule 11 Agreement?
> A. No, sir.

(12/17/08 Hrg. Tr., Docket Entry No. 46 at Pg ID 199-200).

After the Court accepted the Rule 11 Plea Agreement, Counts Three, Four, Five, and Six of the Indictment were dismissed on the motion of the Government.

On January 28, 2009, Strauss was sentenced by this Court to 108 months imprisonment on Count One and 60 months imprisonment on count Two, to be served consecutively. (Judgment, Docket Entry No. 43).

Strauss did not file a direct appeal.

On March 21, 2016, acting *pro se*, Strauss filed a "Motion Pursuant To § 2255(f)(3) In Light Of *U.S. v. Johnson*, 135 S.Ct. 2551 (2015) Retroactivity" (Docket Entry No. 70).

The Government filed a brief in opposition to the motion (Docket Entry No. 74) arguing, among other things, that the motion must be denied because Strauss validly waived his right to collaterally attack his sentence in his Rule 11 Plea Agreement. Thereafter Strauss filed a reply brief. (Docket Entry No. 78). Accordingly, the motion has been fully briefed.

## ANALYSIS

In his pending § 2255 Motion, Strauss asserts a single claim – that he is entitled to resentencing as a result of the United States Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2441 (2015).

The Government contends that Strauss's motion must be denied because: 1) Strauss validly waived his right to file a motion to vacate his sentence under 28 U.S.C. § 2255; 2) *Johnson* does not apply to Strauss's sentence; and 3) Strauss's motion is untimely.

As to the waiver argument, the Government notes that Strauss waived his rights to both a direct appeal and collateral attack under the terms of the Rule 11 Plea Agreement and that Strauss does not challenge the validity of his waiver.

"A defendant's waiver of his right to challenge his conviction and sentence under § 2555 is enforceable when it is entered into 'knowingly, intelligently, and voluntarily.' *In re: Garland Dontrell Garner*, __ F. A'ppx __, 2016 WL 6471761 (6th Cir. Nov. 2, 2015) (citations omitted). This Court agrees that Strauss's § 2255 Motion must be denied because Strauss knowingly waived his right to challenge his sentence collaterally in his plea agreement. *In re: Garland Dontrell Garner*, *supra* (rejecting motion to file second or successive § 2255 motion based on

*Johnson* because Defendant waived his right to challenge his sentence collaterally in his plea agreement); *see also Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999) (holding "that a defendant's informed and voluntarily waiver of the right to collaterally attack a sentence in a plea agreement bars such relief."); *Short v. United States*, 471 F.3d 686, 698 (6th Cir. 2006).

Like the Defendant in *In re: Garland Dontrell Garner*, Strauss knowingly, intelligently, and voluntarily waived his right to attack his sentence collaterally under § 2255 in his Rule 11 Plea Agreement. Strauss has not raised a challenge that goes to the validity of his waiver, such as a claim that the waiver was involuntary or the product of ineffective assistance of counsel.

Moreover, even if Strauss had challenged the validity of his waiver, that argument would fail. For a waiver to be valid, the defendant must knowingly, intelligently, and voluntarily agree to give up his rights. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). The waiver provision here was written in clear terms in the Rule 11 Plea Agreement. In addition, the terms of the agreement – including the waiver provision – were read aloud and discussed at the plea hearing. Strauss confirmed that he read and fully understood the plea agreement and its terms. Straus stated, under oath, that he was voluntarily waiving his rights. Thus, Strauss knowingly, intelligently, and voluntarily waived his appeal and collateral attack rights.[1]

## CONCLUSION & ORDER

For the reasons stated above, the Court ORDERS that Strauss's § 2255 Motion is DENIED

---

[1] Because this Court finds that Strauss validly waived the right to collaterally attack his sentence in the plea agreement, it is unnecessary to address the Government's additional arguments. *Watson v. United States*, 165 F.3d at 488.

because Strauss validly waived the right to collaterally attack his sentence in his plea agreement.

    IT IS SO ORDERED.


Dated: November 22, 2016                  S/ Sean F. Cox
                                                                   Sean F. Cox
                                                                   U. S. District Judge


I hereby certify that on November 22, 2016, the foregoing document was served on counsel of record via electronic means and upon Terry Strauss via First Class mail at the address below:

Terry Joshua Strauss 41761039
MILAN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
MILAN, MI 48160

                                                                                 S/ J. McCoy
                                                                                 Case Manager